<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| EDWARD JORDAN, | : | Civil No. 10-3011 (GEB) |
| Plaintiff, | : | |
| | : | **MEMORANDUM OPINION** |
| v. | : | |
| ALLIEDBARTON SECURITY SERVICES, | : | |
| Defendants. | : | |

**<u>BROWN, Chief Judge</u>**

      This matter comes before the Court upon the Motion for Leave to File an Amended Complaint (Doc. No. 29) of the plaintiff Edward Jordan ("Plaintiff"); and upon the Motion to Remand (Doc. No. 14) of Plaintiff; and upon the Motion to Dismiss (Doc. No. 26) of the defendant Allied Barton Security Services ("AlliedBarton") and Eric Olesky.  The parties have respectively opposed these motions.  The Court has reviewed the parties' submissions and decided the motion without oral argument pursuant to the Federal Rules of Civil Procedure 78.  For the reasons that follow, the Court will deny the Motion for Leave to File an Amended Complaint, will deny Plaintiff's Motion to Remand, and will grant Defendants' Motion to Dismiss.

**I.    BACKGROUND**

      Plaintiff filed a Complaint in Superior Court of New Jersey, Mercer County, on April 29,

2010, against AlliedBarton. (Compl.; Doc. No. 1-2.) Plaintiff alleged that he was employed as a security officer at AlliedBarton, that he was seventy-three years old at the time the Complaint was filed, and that AlliedBarton discriminated against him based upon his age when he was terminated, in violation of the New Jersey Law Against Discrimination and other state laws and common laws. (Compl.; Doc. No. 1-2.)

Specifically, the Complaint alleges that Plaintiff was the "on-site officer of the month in 2005, 2006, 2007, and 2008, on-site officer of the quarter in 2007, and on-site officer of the year in 2007" and was also the "National Officer of the month in 2006," an "honor . . . given to one officer out of the over 25,000 officers working for Allied Barton nationally." (Id. at ¶ 8.) Plaintiff states that on January 27, 2010, after he finished his 6:00 a.m. to 2:00 p.m. shift, he went into the break room where he "met with two fellow officers." (Id. at ¶ 9.) Later on the same date, Plaintiff maintains that his superiors told him that "a complaint had been filed against him and the two other employees for playing cards in the break room and all three would be terminated." (Id. at 10.) Plaintiff asserts that he did not play cards on this date in the break room, but the two other employees, Dan Disanto and Julie Crea, told Plaintiff that indeed they had been playing cards earlier that day." (Id. at ¶ 11.) Plaintiff avers that on January 28, 2010, he gave his statement about these facts to his superior, Landon Turner, and he was terminated less than eighteen hours later. (Id. at ¶¶ 12, 13.) However, Plaintiff asserts that the other two employees, Disanto and Crea, both of whom are "much younger employees," were not terminated. (Id. at ¶ 14.) Plaintiff asserts that he learned that in order to file a formal complaint regarding his termination, "he would have to contact Eric Olesky, a District Manager," but two weeks later "in a return phone call, Plaintiff was informed that his termination was final and the

case was closed.  Plaintiff was not allowed to file a formal complaint, nor was he given a formal hearing." (Id. at ¶15.)

After the Complaint alleging the foregoing facts was filed, AlliedBarton filed its Notice of Removal on June 14, 2010, on the basis of diversity jurisdiction. (Doc. No. 1.)  AlliedBarton filed its Answer to Plaintiff's Complaint on June 21, 2010. (Doc. No. 7.)  Plaintiff filed an Amended Complaint on July 15, 2010, naming AlliedBarton in addition to Landon Turner and Eric Olesky as Defendants. (Doc. No. 8.) AlliedBarton filed its Answer to the Amended Complaint (Doc. No. 13) on the same date, July 28, 2010, that Plaintiff filed a Motion to Remand (Doc. No. 14).  Allied Barton filed his opposition to the Motion to Remand on August 23, 2010, (Doc. No. 19), and Plaintiff filed his reply brief on August 25, 2010 (Doc. No. 20).

Thereafter, on September 21, 2010, AlliedBarton and Eric Olesky jointly filed a Motion to Dismiss the Amended Complaint (Doc. No. 26).  Plaintiff, on October 1, 2010, filed a Motion for Leave to File an Amended Complaint (Doc. No. 29), and a brief in opposition to the Motion to Dismiss. (Doc. No. 30).  Defendants AlliedBarton and Olesky filed their reply brief in support of the Motion to Dismiss on October 12, 2010 (Doc. No. 31), and their brief in opposition to Plaintiff's Motion for Leave to File an Amended Complaint on October 20, 2010 (Doc. No. 33).

The Court's consideration of these motions follows.

## II.   DISCUSSION

### A.   The Parties' Arguments

Plaintiff in support of his Motion to Remand argues that failing to name Turner and Olesky as defendants was an oversight, that these individuals should be joined, and that thus, the

Motion to Remand should be granted because once they have been joined, diversity jurisdiction is destroyed. (Pl.'s Reply Br. at 2; Doc. No. 20.)[1] AlliedBarton, on the other hand, opposes joinder, and argues that the Hensgens factors weigh heavily in favor of denying remand, directing this Court's attention to two cases from this District wherein the court denied the motion for joinder and thus denied the motion to remand. First, AlliedBarton cites Salamone v. Carter's Retail, Inc., 2010 U.S. Dist. LEXIS 20165 (D.N.J. March 5, 2010) (observing that "[i]n cases in which it is apparent that the defendant knew about the non-diverse defendant's activities at the time the suit was originally brought in state court, but still chose not to include that party as a defendant, the courts have viewed any later attempt to add the non-diverse defendant as nothing more than an attempt to destroy diversity"). Second, AlliedBarton cites Midthassel v. ARAMARK Corp., 2010 U.S. Dist. LEXIS 59324 (D.N.J. June 15, 2010) (holding there that "Plaintiff proffers nothing in support of the instant motion to demonstrate that new facts came to light between the filing of the initial Complaint and Plaintiff's motion to [amend] that would validate Plaintiff's failure to name [the non-diverse defendants] as defendants in the initial complaint"). AlliedBarton argues that in both cases the courts "have rejected similar post-removal efforts to add individual managers as defendants in discrimination cases, as nothing more than illegitimate ploys to destroy diversity." (AlliedBarton's Opp. Br. at 3; Doc. No. 19.)

AlliedBarton and Olesky, in their brief in support of their Motion to Dismiss, re-assert many of the same arguments stated in opposition to the Motion to Remand, including an analysis of the Hensgens factors, and that "Plaintiff's attempt to add Olesky as a defendant is a

---

[1] The Court notes that Plaintiff's counsel filed a certification in support of his motion to remand rather than filing a brief in accord with Local Civil Rule of Procedure 7.1. The Court has nevertheless considered this certification and Plaintiff's reply brief, in addition to the papers filed in regard to the other pending motions.

transparent attempt to destroy diversity jurisdiction and should be rejected," citing the same case law that was previously noted.  (Defs.' Br. at 3-6; Doc. No. 26.)  In opposition, Plaintiff asserts the same arguments that he asserts in support of his Motion for Leave to File an Amended Complaint and the arguments that he asserts in support of his Motion for Remand.

### B. Standard of Review

Courts are authorized to "permit joinder of a non-diverse party to a removed case, even if that joinder would then require the Court to remand the action back to state court." City of Perth Amboy v. Saveco Ins. Co., 539 F. Supp. 2d 742, 746 (D.N.J. 2008); see also 28 U.S.C. § 1447(e). In analyzing questions of joinder under 28 U.S.C. § 1447(e), district courts in this Circuit regularly apply the factors set forth by the United States Court of Appeals for the Fifth Circuit in Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987), cert. denied, 493 U.S. 851 (1989).  See, e.g., Montalvo v. Doe, No. 10-2617, 2010 U.S. Dist. LEXIS 106143 (E.D. Pa. Oct. 5, 2010); Midthassel v. Aramark Corp., No. 09-5515, 2010 U.S. Dist. LEXIS 59324 (D.N.J. Jun. 15, 2010); Doe No. 4 v. Soc'y for Creative Anachronism, Inc., 2007 U.S. Dist. LEXIS 53644 (E.D. Pa. July 23, 2007); Massaro v. Bard Access Sys., Inc., 209 F.R.D. 363, 368 (E.D. Pa. 2002); Kahhan v. Mass. Cas. Ins Co., No. 01-1128, 2001 U.S. Dist. LEXIS 18561 (E.D. Pa. Nov. 14, 2001).  The Hensgens factors are: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. See Hensgens, 833 F.2d at 1182. Against this backdrop, the Court considers the factors.

**B.     Analysis**

The main issue that is the common thread throughout each of the three pending motions is whether Plaintiff should be permitted to join these two individual defendants, Landon Turner and Eric Olesky, and thus whether the Court should permit Plaintiff to amend the complaint. If it is determined that the supervisors should be joined, diversity jurisdiction is destroyed and the matter shall be remanded to state court. If the Court determines that they should not be joined, the Court would deny the Motion to Remand on the bases argued herein. Therefore, the Court will consider each of the Hensgens factors in turn.

      1.      The Extent to Which the Purpose of the Amendment is to Defeat Federal Jurisdiction

The first Hensgens factor is whether the purpose of the amendment is to defeat federal jurisdiction, or if the plaintiff has legitimate reasons for the amendment. "Generally, if a proposed claim is viable, and there is genuine intent to prosecute the claim in good faith, the primary purpose of joinder is not to defeat federal jurisdiction." City of Perth Amboy, 539 F. Supp. 2d at 754.

Here, Plaintiff argues that it was an oversight that the two individuals at issue were not named as defendants. Defendant AlliedBarton argues that an attempt to include them as defendants now is to defeat diversity jurisdiction. (AlliedBarton's Opp. Br. at 4; Doc. No. 19.) The Court concludes that Plaintiff knew of the involvement of these two individuals on the date the Complaint was initially filed, but only sought to add these individuals after the matter was removed to federal court. "[I]n cases in which it was apparent that the plaintiff knew about the non-diverse defendant's activities at the time the suit was originally brought in state court, but

still chose not to include that party as a defendant, the courts have viewed any later attempt to add the non-diverse defendant as nothing more than an attempt to destroy diversity." Salamone, 2010 U.S. Dist. LEXIS 20165, at *5-*6 (citing Norplant Contraceptives Prods. Liab. Litig., 898 F. Supp. 429, 431 (E.D. Tex. 1995)) (internal quotations omitted).  Therefore, the Court concludes that the first Hensgens factor weighs against allowing the amendment.

2.  Whether Plaintiff has been Dilatory in Asking for Amendment

The second factor is whether the plaintiff has been dilatory in asking for amendment. This matter was removed to this Court on June 14, 2010.  The Court notes that while Plaintiff attempted to file an Amended Complaint without leave of this Court on July 15, 2010, which was approximately one month after the matter had been removed, this document was not filed in accord with Federal Rules of Civil Procedure 15.[2]  The Court notes that Plaintiff argues that he was not able to electronically file the Amended Complaint within the twenty-one days permitted by Federal Rule of Civil Procedure 15 because he did not register for access to this Court's electronic case filing system until on or about July 1, 2010, and therefore "was unable to access ECF or PACER until July 15, 2010." (Pl.'s Br. at 3; Doc. No. 29-1.)  The Court rejects Plaintiff's justification for failure to comply with Rule 15, and concludes that as matter of law, the Amended Complaint was not timely filed.  As a result, the Court does not consider that filing as a procedurally proper request to amend.  To this end, the Court will grant Defendants' Motion to

---

[2]   Federal Rule of Civil Procedure 15 provides that "[a] party may amend its pleading once as a matter of course" either "21 days after serving it" or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier." FED. R. CIV. PRO. 15(a)(1).  The Rule also provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. PRO. 15(a)(2).

Dismiss the Amended Complaint. The original Complaint will stand and the Court will proceed on this basis.

The first properly filed contact that Plaintiff made with this Court on this issue was his filing of the Motion to Remand on July 28, 2010, forty-four days after the matter was removed. (Doc. No. 14.) The Court also notes that Plaintiff finally filed his Motion for Leave to File an Amended Complaint on October 1, 2010, approximately three and one half months after this matter was removed to federal court. (Doc. No. 29.) Because Plaintiff was aware of the participation of these individuals since the date of his termination in January 2010; because Plaintiff named them in the factual allegations in the body of his initial complaint filed in state court on April 29, 2010; and because Plaintiff did not file a motion to remand for forty-four days after the matter was removed, the Court concludes that Plaintiff was dilatory in making his request. See Salamone, 2010 U.S. Dist. LEXIS 20165, at *6-*7 (holding that failure to request joinder of additional defendants for thirty-seven days was dilatory). Therefore, the Court concludes that the second Hensgens factor weighs against allowing the amendment.

       3.      Whether Plaintiff will be Significantly Injured if Amendment is Not Allowed

The third Hensgens factor is whether the denial of Plaintiff's request for an amendment will significantly injure him. Plaintiff does not address what injuries he would sustain if amendment is not allowed. AlliedBarton argues that Plaintiff would not sustain significant injury. (AlliedBarton's Opp. Br. at 6; Doc. No. 19.)

The Court notes that neither party has cited any possible injury that Plaintiff would suffer for this Court to consider. However, the Court notes that even Plaintiff decides to file another

suit against these individuals, "maintaining concurrent federal and state actions arising out of the same series of transactions would not be a significant injury." Salamone, 2010 U.S. Dist. LEXIS 20165, at *7. Because the parties have not raised any other issue relevant to the Court's consideration of this factor, the Court concludes that this factor does not weigh in favor of amendment.

    4.    <u>Any Other Factors Bearing on the Equities</u>

The fourth Hensgens factor requires the Court to consider any other factors that have a bearing on the equities. AlliedBarton argues that "a party has a strong interest in not being forced to litigate an important and potentially expensive claim in the home state of the Plaintiff," and that therefore, "[a]llowing Plaintiff to add non-indispensable parties solely for the purpose of defeating AlliedBarton's interest in litigating this claim in a federal forum, is inequitable." (AlliedBarton's Opp. Br. at 6; Doc. No. 19.) Plaintiff argues that because the individuals Turner and Olesky "are citizens of the State of New Jersey" and "work in close proximity to the Middlesex County Courthouse . . . neither . . . would suffer any harm from having to litigate this matter in the Superior Court of New Jersey." (Pl.'s Reply Br. at 4; Doc. No. 20.) Plaintiff, in support of his Motion for Leave to File an Amended Complaint also requests that amendment be permitted "because justice so requires as all necessary parties will be included."

Plaintiff's arguments are unavailing. The relevant issue here is whether there are any other factors that bear upon the equities as they apply to Plaintiff and to the currently named and removing defendant, AlliedBarton, not the ease with which these other individuals might operate in state court. In addition, Plaintiff himself chose not to name these other individuals as

9

defendants in this action, and the Court does not see any injustice in following the <u>Hensgens</u> framework and determining whether additional parties should or should not be added.

The Court concludes that the arguments raised by AlliedBarton on this point have been considered by the Court and have been in essence considered as part of this Court's analysis of the other <u>Hensgens</u> factors. The Court cannot see any other reasons why the amendment should be allowed. Accordingly, the Court will retain jurisdiction of this matter and the original complaint will control. Plaintiff is not permitted to file an Amended Complaint on the bases raised in these motions.

### III. CONCLUSION

For the foregoing reasons, the Court will deny Plaintiff's Motion for Leave to File an Amended Complaint (Doc. No. 29), will deny Plaintiff's Motion to Remand (Doc. No. 14), and will grant Defendant Olesky's and AlliedBarton's Motion to Dismiss the Amended Complaint (Doc. No. 26). An appropriate form of order accompanies this memorandum opinion.

Dated: November 9, 2010

                                                    s/ Garrett E. Brown, Jr.  
                                                    GARRETT E. BROWN, JR., U.S.D.J.